UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HI-TECH PHARMACEUTICALS, INC. | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 16-10660-WGY |
| PIETER A. COHEN | |
| Defendant. | |

**MEMORANDUM OF DECISION**

YOUNG, D.J.                                          September 22, 2016

I.   **INTRODUCTION**

This case tests our commitment to the Seventh Amendment and America's civil juries -- our constitutional guarantee that factual adjudication is reserved to the people themselves in all cases save for wholly admiralty and equity cases and those regulatory proceedings seeking regulatory orders. Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") here sues Pieter A. Cohen ("Cohen") for libel, slander, product disparagement, and violation of Massachusetts General Laws, chapter 93A. Compl., ECF No. 1. Hi-Tech's claims arise out of, inter alia, Cohen's publication of an article that Hi-Tech alleges contains false and defamatory statements about products manufactured by Hi-Tech. See generally id. Cohen moved to dismiss Hi-Tech's

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Def., Pieter A. Cohen's, Mot. Dismiss Compl., ECF No. 15. He also filed a special motion to dismiss the action under the Massachusetts Strategic Litigation Against Public Participation statute ("anti-SLAPP"), Mass. Gen. Laws ch. 231, § 59H. Def.'s Special Mot. Dismiss Pl.'s Compl. Pursuant M.G.L. c. 231 § 59H (anti-SLAPP Statute), ECF No. 13. The Court heard arguments on these motions on July 26, 2016, and denied both motions from the bench. Elec. Clerk's Notes, ECF No. 40.

At the Court's invitation, the parties submitted further briefing on the issue of a potential conflict between dismissal of this case pursuant to the Massachusetts anti-SLAPP statute and the Seventh Amendment right to a jury trial, with Cohen requesting that the Court reconsider its denial of his special motion to dismiss. See id.; Def.'s Suppl. Br. Regarding Seventh Amendment Right Jury Trial and M.G.L. c. 231 § 59H (Anti-SLAPP Statute) ("Def.'s Suppl. Mem."), ECF No. 47; Pl.'s Mem. Opp'n Def.'s Mot. Reconsider ("Pl.'s Suppl. Mem."), ECF No. 48. After due consideration of this issue, the Court declined to alter its order denying Cohen's special motion to dismiss and here explains its reasons for such denial.

## II. ANALYSIS

In support of his special motion to dismiss, Cohen argues that the Massachusetts anti-SLAPP statute immunizes him against

claims based on statements in his article and subsequent related interviews. See Def.'s Mem. 9-13. Hi-Tech, meanwhile, contends that the conduct it complains of falls outside the scope of the anti-SLAPP statute. See Pl.'s Opp'n 7-13.

The Massachusetts anti-SLAPP statute provides, in relevant part:

> In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

Mass. Gen. Laws. ch. 231, § 59H. In order for a defendant to prevail on a special motion to dismiss pursuant to the anti-SLAPP statute, he or she first must "make a threshold showing through pleadings and affidavits that the claims against it are based on . . . petitioning activities alone . . . ." Fustolo v. Hollander, 455 Mass. 861, 865 (2010) (internal quotation marks and citations omitted). If the defendant makes this showing, the burden then shifts to the plaintiff to demonstrate that the

[3]

defendant's petitioning conduct "lacked any reasonable factual support or any arguable basis in law." Id. (internal citations and quotation marks omitted). This section addresses these two steps in turn.

### A. Petitioning Activities

The parties disagree, first, on whether the activities that give rise to Hi-Tech's complaint constitute protected "petitioning activities." Under the Massachusetts anti-SLAPP statute, petitioning activities include:

> any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.

Mass. Gen. Laws ch. 231, § 59H. "Petitioning includes all statements made to influence, inform, or at the very least, reach governmental bodies -- either directly or indirectly." N. Am. Expositions Co. v. Corcoran, 452 Mass. 852, 862, 864-65 (2009) (internal citations omitted) (holding that the complaint had no substantial target other than the petitioning activity because defendant's statements to community development

[4]

foundation were the basis of the conduct complained of); see also Town of Hanover v. New England Reg'l Council of Carpenters, 467 Mass. 587, 592 (2014) (ruling that "defendant's role in the commencement and maintenance" of action against a town and "providing legal counsel and advice to the taxpayers, falls within the statute's scope of protected activities").

Here, Cohen has established that his article and subsequent interviews constitute petitioning activity. Def.'s Mem. Supp. Special Mot. Dismiss Pl.'s Compl. Pursuant M.G.L. c. 231 § 59H (Anti-SLAPP Statute) ("Def.'s Mem."), ECF No. 14. Cohen's article urges the Food and Drug Administration to review and take action on an issue of public concern -- specifically, to remove certain of Hi-Tech's products from the supplement market. This written request for agency action is sufficient to bring the article under the relatively broad umbrella of petitioning conduct. See, e.g., Kobrin v. Gastfriend, 443 Mass. 327, 333 (2005) ("The right of petition contemplated by the Legislature is . . . one in which a party seeks some redress from the government.") (citing Webster's Third New Int'l Dictionary 1690 (1993)). Further, his comments in subsequent interviews constitute petitioning activities because they directly relate to the article. Contrast Ehrlich v. Stern, 74 Mass. App. Ct. 531, 538 (2009) (denying anti-SLAPP motion where the complaint was based on both allegations about "petitioning activity" as

well as "allegations about activity falling outside that term's generous definition," such as improper disclosure of confidential material on a website).

**B. Reasonable Basis in Law or Fact**

Once a defendant has demonstrated that the conduct complained of constitutes petitioning activity, the burden shifts to the plaintiff opposing the special motion to dismiss to demonstrate that the petitioning conduct was devoid of a reasonable factual basis or arguable legal basis. See Fustolo, 455 Mass. at 865. The precise burden on a plaintiff at this step is a somewhat contentious matter and is of great concern to this Court. In Baker v. Parsons, 434 Mass. 543 (2001), the Supreme Judicial Court held that the applicable standard at this stage is a fair preponderance of the evidence -- that is, "to defeat a special motion to dismiss made pursuant to [the Massachusetts anti-SLAPP statute], the nonmoving party . . . must show by a preponderance of the evidence that the moving party's petitioning activities were devoid of any reasonable factual support or any arguable basis in law." Id. at 544. This standard, the Baker court concluded, struck an appropriate balance, by "plac[ing] the burden on the nonmoving party, as the Legislature intended, but without creating an insurmountable barrier to relief." Id. at 553-54.

The few courts in this district that have addressed the question of whether a non-movant has met its burden at step two of the anti-SLAPP analysis have applied the Baker standard.[1] See Steinmetz v. Coyle & Caron, Inc., 15-cv-13594-DJC, 2016 WL 4074135, at *6-*7 (D. Mass. July 29, 2016) (Casper, J.), appeal filed, No. 16-1996 (1st Cir. Aug. 3, 2016); Bargantine v. Mechanics Cooperative Bank, Civ. No. 13-11132-NMG, 2013 WL 6211845, at *3-*5 (D. Mass. Nov. 26, 2013) (Gorton, J.). The First Circuit, however, has not ruled on whether the Massachusetts anti-SLAPP statute -- whether on its face or as construed by the Supreme Judicial Court -- is constitutional when tested against the Seventh Amendment.[2] In Godin v. Schencks, 629 F.3d 79 (1st Cir. 2010), the First Circuit upheld the application of Maine's similarly worded anti-SLAPP statute

---

[1] As a preliminary matter, the Court notes that the Anti-SLAPP statute is substantive law applicable in federal courts. See Steinmetz v. Coyle & Caron, Inc., 15-cv-13594-DJC, 2016 WL 4074135, at *3-*4 (D. Mass. July 29, 2016) (Casper, J.), appeal filed, No. 16-1996 (1st Cir. Aug. 3, 2016) (concluding, on the basis of Godin v. Schencks, 629 F.3d 79, 85 (1st Cir. 2010), that the Massachusetts anti-SLAPP statute applies in federal court).

[2] This, of course, was never an issue before the Massachusetts Supreme Judicial Court, since the Seventh Amendment has not been held applicable to the states through the due process clause of the Fourteenth Amendment. See Pearson v. Yewdall, 95 U.S. 294, 296 (1877); Gonzalez-Oyarzun v. Caribbean City Builders, Inc., 798 F.3d 26, 29 (1st Cir. 2015).

in federal court in the face of a due process challenge.³ Id. at 81. While the Godin court observed that the statute involved a burden-shifting scheme, "requiring plaintiff to demonstrate that the defendant's activity (1) was without reasonable factual support and (2) was without an arguable basis in law," id. at 89 (internal quotation marks omitted), it did not address the nature or magnitude of such burden. The court did, however, remark that "[t]here may be a concern that [Maine's anti-SLAPP statute], to the extent it might be read to allow, contrary to [Federal] Rule [of Civil Procedure] 56, a judge to resolve a disputed material issue of fact, would then preclude a party

---

³ The Maine anti-SLAPP statute provides, in relevant part:

> When a moving party asserts that the civil claims, counterclaims or cross claims against the moving party are based on the moving party's exercise of the moving party's right of petition under the Constitution of the United States or the Constitution of Maine, the moving party may bring a special motion to dismiss. The special motion may be advanced on the docket and receive priority over other cases when the court determines that the interests of justice so require. The court shall grant the special motion, unless the party against whom the special motion is made shows that the moving party's exercise of its right of petition was devoid of any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleading and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

Me. Rev. Stat. Ann. tit. 14, § 556.

from exercising its Seventh Amendment rights to a trial by jury on disputed issues of material fact." Id. at 90 n.18. It ultimately concluded, though, that the statute was "relatively young" and that "there is no reason to think the state courts would construe [it] so as to be incompatible with the Seventh Amendment." Id.

State courts in Maine, interpreting Maine's anti-SLAPP statute, originally applied a sort of reverse-summary-judgment standard in evaluating whether a plaintiff defending against a special motion to dismiss had met its burden -- i.e., they considered whether, viewing the evidence in the light most favorable to the defendant, the plaintiff had shown that the defendant's petitioning conduct lacked any legal or factual basis. See, e.g., Maietta Constr., Inc. v. Wainwright, 847 A.2d 1169, 1173 (Me. 2004). In Nader v. Maine Democratic Party, 41 A.3d 551 (Me. 2012) (Alexander, J.), however, the Supreme Judicial Court of Maine rethought this approach:

> Applying this converse summary-judgment-like standard makes the special motion to dismiss unlike other primary procedural mechanisms for early disposition of claims. . . . If the party with the burden on the dispositive motion (the party seeking dismissal or [summary judgment]) fails to meet it, the result is trial. However, when applying the special motion to dismiss, pursuant to our precedent interpreting [Maine's anti-SLAPP statute], if the party with the burden at step two (the nonmoving party, generally the plaintiff) fails to meet its burden, the result is no trial and dismissal of the action. . . .

> To avoid an unconstitutional application of the law, as our rules of statutory interpretation require us to do, [Maine's anti-SLAPP statute] must be construed, consistent with usual motion-to-dismiss practice, to permit courts to infer that the allegations in a plaintiff's complaint and factual statements in any affidavits responding to a special motion to dismiss are true. This standard, consistent with other dispositive motion practice, requires only that the nonmoving party provide prima facie evidence to support its burden of showing that the moving party's petitioning activity was devoid of any reasonable factual support or any arguable basis in law . . . .

Id. at 562 (internal quotation marks and citations omitted).

The Supreme Judicial Court of Maine got it right. Were this Court to require Hi-Tech to make more than a prima facie showing that Cohen's petitioning activities had no reasonable basis in fact or law, it would necessarily impinge on the parties' Seventh Amendment right to a jury trial, inasmuch as it would require this Court to make factual findings and credibility determinations that the Constitution reserves to a properly constituted jury of the people. Indeed, to determine whether Hi-Tech has demonstrated, by a preponderance of the evidence, that Cohen's petitioning conduct lacked any reasonable basis in law or fact, this Court would have to decide which of the affidavits submitted by the parties in connection with the special motion to dismiss it believed. See Tr. Mot. Dismiss Hearing 5:17-18, ECF No. 44 (counsel for Cohen acknowledging that Hi-Tech does not admit Cohen's affidavits). Such findings are reserved to the fact-finder and, absent the parties' waiver

[10]

of their right to a trial by jury, are not properly within the Court's domain. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000) ("Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (internal quotation marks and citations omitted); cf. Dimick v. Schiedt, 293 U.S. 474, 486 (1935) ("Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.").[4]

---

[4] The Court recognizes that Judge Casper recently rejected a plaintiff's challenge to the constitutionality of the Massachusetts anti-SLAPP statute. See Steinmetz, 2016 WL 4074135, at *6. There, the plaintiff relied on a Washington case, in which the court held that the Washington anti-SLAPP statute -- which required a nonmoving party "to establish by clear and convincing evidence a probability of prevailing on the claim" in order to overcome the movant's motion to dismiss – ran afoul of the jury trial right under the Washington Constitution. Id. (citing Davis v. Cox, 351 P.3d 862, 864 (Wash. 2015) (en banc)). Judge Casper distinguished Davis on the ground that, "[u]nlike the Washington anti-SLAPP statute, the Massachusetts anti-SLAPP statute does not require courts to assess the non-moving party's likelihood of prevailing on their claims." Id.
It is hard to see, however, why the preponderance of the evidence approach adopted by Massachusetts courts infringes any less meaningfully on a litigant's right to a trial by jury. Indeed, the very concept of standards of proof implies fact-finding, a matter constitutionally reserved to a jury of the people in this commercial disparagement action. But cf. Lee v. Pennington, 830 So. 2d 1037, 1043 (La. Ct. App. 2002) (permitting the court to determine a plaintiff's probability of success at a jury trial, as required under Louisiana's anti-SLAPP statute, is constitutional because such determination "is

Imposing a low bar on plaintiffs at the second step of the anti-SLAPP analysis also comports with the purpose of such legislation, which is only "to prevent <u>meritless</u> suits from imposing significant litigation costs and chilling protected speech," <u>Godin</u>, 629 F.3d at 81 (emphasis added); <u>see also</u> <u>Duracraft Corp.</u> v. <u>Holmes Prod. Corp.</u>, 427 Mass. 156, 164 (1998) ("'SLAPPs are by definition meritless suits.'") (quoting John C. Barker, <u>Common-Law and Statutory Solutions to the Problem of SLAPPs</u>, 26 Loy. L.A. L. Rev. 395, 399 (1993)).

Accordingly, the Court rules that a plaintiff seeking to overcome a special motion to dismiss pursuant to the Massachusetts anti-SLAPP statute need make only a prima facie showing that the defendant's petitioning conduct lacked a reasonable basis in law or fact.[5] Here, dismissal of Hi-Tech's

---

a question of law for a court to determine at every stage of a legal proceeding" and serves the purpose of the anti-SLAPP statute, which "is to act as a procedural screen for meritless suits").

This Court diverges from <u>Steinmetz</u> only insofar as it concludes that application of the preponderance of the evidence standard in these circumstances (<u>i.e.</u>, when the case is here in federal court) would violate the Seventh Amendment; it does not hold that the Massachusetts anti-SLAPP statute is, on its face, unconstitutional. See <u>Feltner</u> v. <u>Columbia Pictures Television, Inc.</u>, 523 U.S. 340, 345 (1998) ("Before inquiring into the applicability of the Seventh Amendment, we must first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided.") (internal quotation marks, citations, and alterations omitted).

[5] This standard is appropriate, even though it represents a departure from the state court jurisprudence. Cf. <u>Byrd</u> v. <u>Blue</u>

complaint was inappropriate because Hi-Tech met its burden of coming forward with prima facie evidence that Cohen's petitioning conduct had no such basis. See Pl.'s Mem. Opp'n Def.'s Special Mot. Dismiss Pl.'s Compl. Pursuant M.G.L. c. 231 § 59H (Anti-SLAPP Statute) 11-12, ECF No. 19; Decl. Jared Wheat Opp'n Mots. Dismiss ¶ 3, ECF No. 21.

### C. A Final Note

A few words about the practical world of litigation may not be amiss. Strategic litigation against public participation plays no role in a truly just, speedy, and inexpensive litigation system. The reason? Meritless lawsuits are so quickly sorted out and discarded on the merits. SLAPP lawsuits are a pernicious symptom of litigation systems that are too slow and far too costly for average litigants. See George W. Pring & Penelope Canan, SLAPPS: Getting Sued for Speaking Out 2-3 (1996); Colin Quinlan, Erie and the First Amendment: State Anti-SLAPP Laws in Federal Court After Shady Grove, 114 Colum. L. Rev. 367, 368 (2014).

---

Ridge Rural Elec. Co-op., 356 U.S. 525, 538 (1958) (concluding that, considering the "strong federal policy against allowing state rules to disrupt the judge-jury relationship in federal courts[,]" federal court need not follow state rule, despite the countervailing "interest of furthering the objective that . . . litigation should not come out one way in the federal court and another way in the state court").

[13]

Due to chronic underfunding of the courts, many litigation systems in the United States are, in fact, far too slow and vastly too costly. To insure a robust exercise of First Amendment rights for their citizens, many state legislatures have enacted anti-SLAPP statutes. Ironically, the procedural devices upon which the common anti-SLAPP statutory model relies is one that excludes those very citizens from participation, frequently placing juror fact-finding in the hands of trial judges. The propriety of such exclusion of citizens from the processes of direct democracy is, of course, a matter of state constitutional interpretation.[6] As this case exemplifies,

---

[6] This is especially poignant here in Massachusetts, which has long prided itself on providing more extensive constitutional protections for its citizens than does the federal Bill of Rights. See Herbert P. Wilkins, Judicial Treatment of the Massachusetts Declaration of Rights in Relation to Cognate Provisions of the United States Constitution, 14 Suffolk U. L. Rev. 887, 889-90 (1980). Despite its splendid jury selection system, it would appear that a Massachusetts citizen's rights to adjudicate certain matters in the courts of the Commonwealth is somewhat less than her rights to adjudicate the same case pending in the federal courts. In addition to the present instance, consider an action under Massachusetts General Laws, chapter 93A. Compare Kattar v. Demoulas, 433 Mass. 1, 12 (2000) ("While a judge may request a jury's advisory opinion [on a 93A claim], he is not bound by it."), with Massachusetts Eye and Ear Infirmary v. QLT, Inc., 495 F. Supp. 2d 188, 197 (D. Mass. 2007) (chapter 93A actions for damages are triable to juries as of right in federal court under the Seventh Amendment), aff'd in part, vacated in part, 552 F.3d 47 (1st Cir. 2009). See generally Barry Ravech, The Promise and Reality of Chapter 93A: Jury Trial in a Personal Injury Case, 96 Mass. L. Rev. 1 (2014).

however, it will not work in the federal courts, where citizen participation is guaranteed by the Seventh Amendment. Here in the federal District Court of Massachusetts, a tradition of prompt trial[7] alleviates the burden on a defendant who claims victimization by a SLAPP.

This case was commenced on April 5, 2016. It will go to trial on Monday, October 3, 2016 (six months later). It would have moved faster but for the attorneys' schedules. During the jury trial, Cohen will have the full benefits of the Noerr-Pennington doctrine. E. R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 137 (1961); United Mine Workers of Am. v. Pennington, 381 U.S. 657, 670 (1965). Moreover, should Hi-Tech's lawsuit be determined to be without merit, ample sanctions are available pursuant to Massachusetts General Laws, chapter 231, section 6F.

As here, the better approach is not to exclude citizen jurors (and have the judge impose some sort of rough justice based on affidavits -- those "Potemkin Village[s] of today's litigation landscape . . . . , all lawyer-painted façade and no

---

[7] This tradition depends upon adequate resources. But see Committee on Court Administration and Case Management, Report of the Judicial Conference 3 (2016) (reviewing and endorsing "a legislative proposal that would allow the Judicial Conference to transfer vacant Article III judgeships from one district to another"). Were such a proposal to become law, Massachusetts could lose one and perhaps two judgeships as vacancies occur.

interior architecture[,]" United States v. Massachusetts, 781 F. Supp. 2d 1, 22 n.25 (D. Mass. 2011)), but rather to embrace our citizens and charge them justly to balance the various rights here genuinely at issue.

### III. CONCLUSION

Based on the foregoing analysis, this Court **DENIED** ~~the~~ Cohen's special motion to dismiss this case pursuant to the Massachusetts anti-SLAPP statute, ECF No. 13.

WILLIAM G. YOUNG
DISTRICT JUDGE