UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HI-TECH PHARMACEUTICALS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PIETER A. COHEN, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 16-10660-WGY |

**MEMORANDUM OF DECISION**

YOUNG, D.J.                                                January 9, 2017

Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") filed a defamation action against Dr. Pieter Cohen ("Cohen") with regards to allegedly defamatory statements Cohen made regarding some of Hi-Tech's products. Compl. ¶ 10, ECF No. 1. On November 1, 2016, after a seven day trial, a jury entered a verdict in favor of Cohen. Jury Verdict, ECF No. 119. This Court entered judgment upon this jury verdict on November 14, 2016, ECF No. 120.

Subsequently, Cohen, as the prevailing party, submitted a bill of costs, Bill Costs, ECF No. 121, and a memorandum of law in support of the bill of costs, Bill Costs, Ex. 3, Mem. Supp. Bill Costs Def. ("Def. Mem. Costs"), ECF No. 121-6. Included

[1]

amongst the costs for which Cohen seeks payment is the $1,190.00 fee for his own deposition testimony. Bill Costs, Ex. 1, Def.'s Itemization Supp. Bill Costs 2, ECF No. 121-1.

Hi-Tech denies its liability for the cost of Cohen's deposition. Letter Resp. Hi-Tech Bill of Costs ("Pl. Resp. to Bill Costs"), ECF No. 137. Hi-Tech asserts that a party's costs incurred in deposing itself are not taxable, because such testimony is available to that party without the need for a deposition. Id. (citing Cohen v. City of Newton, no. 2005-11727-RBC, 2010 U.S. Dist. WL 1872924 (D. Mass. May 10, 2010) (Collings, J.) ("The costs of defendants' deposition transcripts . . . shall not be taxed. These individuals . . . were under the defendants' control and their testimony readily available without the need of depositions.").

Federal Rule of Civil Procedure 54(d)(1) states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court has wide discretion with regard to allowable costs. Talbot-Windsor Corp. v. Miller, 32 F.R.D. 18, 18 (D. Mass. 1962) (Wyzanski J.). This analysis is guided by whether "the costs were reasonably necessary to the maintenance of the action." Rodriguez-Garcia v. Davila, 904 F.2d. 90, 100 (1st Cir. 1990). In the First Circuit, deposition costs generally are necessary -- and thus

taxable -- "if depositions are either introduced in evidence or used at trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985); see also Bergeron v. Cabral, 393 F.Appx. 733, 735 (1st Cir. 2010). Included in that allowance are depositions used solely in cross-examination for credibility purposes. Talbot-Windsor, 32 F.R.D. at 18-19 ("Where it is used in the trial, either for a substantive purpose, or for a test of the witnesses's credibility, the cost of the deposition should generally be allowed in cases where costs are allowed by the Court.").

At trial, Cohen read portions of his deposition testimony in evidence, and Hi-Tech also referenced the deposition during its cross-examination of Cohen. Def. Mem. Costs 3. Accordingly, the deposition was "used at trial" by both parties. Templeman, 770 F.2d at 249. Such use of the deposition by the opposing party supports taxing the costs of the deposition. Talbot-Windsor, 32 F.R.D. at 18-19.

Accordingly, this Court holds that Cohen's deposition was "necessary" for resolution of the case because it was used at trial by Hi-Tech. The $1,190.00 cost for Cohen's deposition is allowed, as per the bill of costs. Bill of Costs at 1. Hi-Tech's request, Pl. Resp. Bill Costs, ECF No. 137, is denied.

**SO ORDERED.**

_____<br>
WILLIAM G. YOUNG<br>
U.S. DISTRICT JUDGE